(66 South. 392)

No. 20833.

STATE v. SERVIER.

(Nov. 4, 1914.)

*(Syllabus by the Court.)*

INSANE PERSONS ☞8—PROCEEDINGS—NONRESIDENTS.

Act No. 253 of 1910, to provide proper proceedings relative to the insane, etc., has no application to nonresidents temporarily within the limits of this state.

[Ed. Note.—For other cases, see Insane Persons, Cent. Dig. § 16; Dec. Dig. ☞8.]

Appeal from Ninth Judicial District Court, Parish of Madison; F. X. Ransdell, Judge.

In the matter of the interdiction of Mrs. Frankie Turpin Servier. From a judgment finding defendant insane, she appeals. Reversed and dismissed.

Smith & McGregor, of Rayville, for appellant. Snyder & Gilfoil, of Tallulah, and Spencer & Spencer, for the State.

LAND, J. The defendant was found to be insane, and was committed to the hospital for the insane at Jackson, La. The proceedings had were pursuant to Act No. 253 of 1910, under which the presiding judge, the coroner of the parish, and another reputable physician constituted a commission to inquire whether the person brought before them be insane and a suitable subject for a hospital for her care and treatment.

The defendant has appealed, and relies for reversal on an exception to the jurisdiction of the court on the ground that the defendant was not a resident of the parish of Madison.

Section 1 of the statute implies that the proceedings may be instituted against any alleged insane person within the jurisdiction of the judge. Section 2, however, requires the coroner to answer the following questions:

"Present residence?"
"How long lived in present residence?"
"Place of residence for past ten years?"

The coroner answered:

"Tallulah."
"About four months."
"Alabama and Georgia."

J. B. Stone, Esq., of Tallulah, testified that the defendant had lived in that town several months, but was not a resident of Madison parish, and his understanding was that she was a resident of Atlanta, Ga. Mr. Stone, referring to the defendant, further said:

"She supports herself; she is not in any danger whatever, so far as I know; she takes care of herself."

It was admitted that Judge E. C. Montgomery, of Tallulah, would corroborate the testimony of Mr. Stone.

The same section provides a form for the order or warrant of commitment, reading in part as follows:

"Whereas I ...... judge of said parish ...... two physicians constituting a commission of inquiry et cetera into the sanity of said, ...... have this day adjudged the said ...... to be insane and a suitable subject for a hospital for the care and treatment of insane persons, and a citizen of this state," etc.

The warrant issued in this case follows the above formula, and adjudged the defendant to be "a citizen of this state."

The defendant was born in Louisiana, but on her marriage, about 15 years ago, moved with her husband to the state of Georgia. After the comparatively recent death of her husband, the defendant was temporarily an inmate of an insane asylum in that state. Under the circumstances, relatives of the deceased husband, residents of the parish of Madison, very properly took charge of defendant's children, and have ever since supported and cared for them. On her discharge from the asylum, the defendant seems to have taken up the vocation of book agent as a means of support.

Defendant's residence in Tallulah was not only brief, but of a temporary nature. She appears to have come to that town for the purpose of securing possession of her children. If defendant is insane, as contended by the state, she cannot be held to have acquired a domicile in the state, or to have become a citizen thereof, for the lack of the judgment and discretion necessary in the premises.

We do not think that the defendant was a resident or citizen of this state. From the text of the law prescribing the form or order of commitment, we think that the lawmaker intended to exclude nonresidents and transients from the operation of the act. It is a matter of common knowledge that the appropriations for asylums in this state have been for years insufficient to properly care for our own insane citizens. Defendant was not proceeded against under the statute relative to the dangerous insane.

Judgment reversed, and proceedings dismissed, with costs.